# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 048-329758-21

***PORTIA TAYLOR, Individually***

***vs.***

***DOLGENCORP OF TEXAS, INC. And DG RETAIL LLC***

## IN THE 48TH DISTRICT COURT OF TARRANT COUNTY, TEXAS

A. Civil Case Information Sheet from Tarrant County District Clerk for Cause No. 048-329758-21

B. Plaintiff's Original Petition filed October 19, 2021

C. Plaintiff's Amended Petition filed February 18, 2022

D. Return of Service of Citation on Defendant Dolgencorp of Texas, Inc.

E. Return of Service of Citation on Defendant DG Retail LLC

F. Defendants' Original Answer filed March 18, 2022

G. Defendants' Jury Demand filed March 18, 2022

H. Defendants' First Amended Answer filed March 25, 2022

# EXHIBIT A

# Tarrant County District Clerk Online

## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information 03/25/2022 7:45 AM

**Court :** 048 **Case :** 329758 Search New Search ☐ **Show Service Documents ONLY**

**Cause Number : 048-329758-21** **Date Filed : 10-19-2021**

PORTIA TAYLOR | VS | DOLGENCORP OF TEXAS, INC., ET AL

**Cause of Action :** INJURY OR DAMAGE, OTHER INJURY OR DAMAGE

**Case Status :** PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 10-19-2021 | PLTF'S ORIG PET | | N | | $289.00 | |
| 10-19-2021 | PAYMENT RECEIVED trans #1 | | Y | | | $289.00 |
| 10-20-2021 | REQ FOR CIT/EMAIL | | | | | $0.00 |
| 10-20-2021 | CIT-ISSUED ON DOLGENCORP OF TEXAS INC-On 10/21/2021 | | N | Svc | $8.00 | |
| 10-20-2021 | CIT-ISSUED ON DG RETAIL ONE LLC-On 10/21/2021 | | N | Svc | $8.00 | |
| 10-20-2021 | PAYMENT RECEIVED trans #5 | | Y | | | $8.00 |
| 10-20-2021 | PAYMENT RECEIVED trans #4 | | Y | | | $8.00 |
| 02-17-2022 | NOT/DWOP (3-25-22) | | | | | $0.00 |
| 02-18-2022 | PLTF'S AMD PET (+/- 1 DEFN) | | | | | $0.00 |

| Date | Description | | | | | Amount |
|---|---|---|---|---|---|---|
| 02-18-2022 | SVC REQ FORM-EMAIL | | | | | $0.00 |
| 02-18-2022 | CIT-ISSUED ON DOLGENCORP OF TEXAS INC-On 02/22/2022 | | N | Svc | $8.00 | |
| 02-18-2022 | CIT-ISSUED ON DG RETAIL LLC-On 02/22/2022 | | N | Svc | $8.00 | |
| 02-18-2022 | PAYMENT RECEIVED trans #12 | | Y | | | $8.00 |
| 02-18-2022 | PAYMENT RECEIVED trans #11 | | Y | | | $8.00 |
| 02-18-2022 | SVC REQ FORM - EMAIL (TO DOC PROD/JC) | | | | | $0.00 |
| 02-24-2022 | CIT RET OF SVC- DG RETAIL LLC-EXEC 2-24-22 | | | | | $0.00 |
| 02-24-2022 | CIT Tr# 12 RET EXEC(DG RETAIL LLC) On 02/24/2022 | | | | | $0.00 |
| 02-24-2022 | CIT RET OF SVC-DOLGENCORP-EXEC 2-24-22 | | | | | $0.00 |
| 02-24-2022 | CIT Tr# 11 RET EXEC(DOLGENCORP OF TEXAS INC) On 02/24/2022 | | | | | $0.00 |
| 03-17-2022 | VACATION LTR FROM ATTY TAYLOR | | | | | $0.00 |
| 03-18-2022 | DEFN'S ORIG ANS | | | | | $0.00 |
| 03-18-2022 | DEFN'S REQ/JURY | | | | | $0.00 |
| 03-18-2022 | JURY REQUESTED | | | | | $0.00 |

# EXHIBIT B

FILED
TARRANT COUNTY
10/19/2021 12:06 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 048-329758-21

| | | |
|---|---|---|
| **PORTIA TAYLOR, Individually PLAINTIFF** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | **______ JUDICIAL DISTRICT** |
| | § | |
| **AND** | § | |
| | § | |
| | § | |
| **DG RETAIL ONE LLC** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** PORTIA TAYLOR, hereinafter called Plaintiff, complaining of and about DOLGENCORP OF TEXAS, INC. and DG RETAIL ONE LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### A. Discovery

1. A Level 3 discovery control plan pursuant to Tex. R. Civ. P. 190 is appropriate in this case.

### B. Rule 47 Pleadings Requirements

2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdiction limits of the Court. As required by Rule 47(c) Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but nor more than $1,000,000. The amount of monetary

relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## C. Parties

3. Plaintiff, Portia Taylor is a resident of Tarrant County, Texas. The last three digits of Plaintiff's driver's license number is 592, and the last three digits of his Social Security Number are 596.

4. Defendant DOLGENCORP OF TEXAS, INC., a corporation based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

5. Defendant DG RETAIL ONE LLC, a corporation based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving its registered agent Vinodbhai T. Patel at 1200 W. Walnut Hill Ln, Ste 3300 Irving, TX 75038.

## D. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has personal jurisdiction herein because Plaintiff is a Texas resident.

8. Venue in Tarrant County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(1) of the Texas Civil Practice and Remedies Code because this county is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## E. FACTS

9.      On about October 12, 2019, Ms. Taylor entered Dollar General located at 453 N. Fielder Rd. Arlington, TX 76015 Store No: 04189.  As she was excited the store, Edward, the manager ran up to her and accused her of stealing and demanded that she open up her purse or allow him to open it.  He left the register, with a line full of people and blocked her from leaving the store.

10.     He was very intimidating and threatening.  Ms. Taylor began to cry.  He threatened to call the police on her.  Ms. Taylor was very embarrassed, intimidated, and fearful. The store was very crowded.

11.     After he looked in her purse and saw nothing was taken, he failed to apologize to my client for falsely accusing her.  He simply walked back to the register and continued to check out the customers.

## F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12.         Plaintiff brings suit against Defendants in Plaintiff's individual capacity. Defendants' employee conduct was intentional.  Defendants' employee conduct was extreme and outrageous.  Defendants' employee conduct proximately causes severe emotional distress to Plaintiff.  Plaintiff's severe emotional distress cannot be remedied by any other cause of action. Defendants' employee intentionally falsely accusing Plaintiff.  This was said to intentionally cause emotional distress to Plaintiff, a Black woman.

## G. NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

13.     Plaintiff would show that Defendants failed its clients and customers, including Plaintiff, by failing to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendants' employees.

14.     Plaintiff would further show that Defendants failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendants' personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees.  These conditions created an environment in which misrepresentations to clients and

customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sue.

**H. BREACH OF CONTRACT**

15. Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sue. Plaintiff was a customer and expected to be treated as a customer, but was treated as a criminal.

**I. AGENCY**

16. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

17. Said Defendants is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

**J. RESPONDEAT SUPERIOR**

18. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendants, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

19. Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

**K. SPECIAL, ECONOMIC, AND ACTUAL DAMAGES**

20. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a) Out-of-pocket expenses.
(b) Mental anguish.
(c) Actual value.
(d) Prejudgment interest.
(e) Postjudgment interest.
(f) Attorney's fees.

## L. EXEMPLARY DAMAGES

21. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seek recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## M. ATTORNEY'S FEES

22. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## N. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, PORTIA TAYLOR respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Marty J. Taylor
Attorney and Mediator
2626 Cole, Suite 300
Dallas, Texas 75204
Tel: (214) 953-9361
Fax: (800) 900-6802

By:/s Marty J. Taylor
    Marty Taylor
    State Bar No.  24028291
    martytaylorlaw@gmail.com
    Attorney for PORTIA TAYLOR

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marty Taylor on behalf of Marty Taylor
Bar No. 24028291
martytaylorlaw@yahoo.com
Envelope ID: 58321474
Status as of 10/19/2021 12:59 PM CST

Associated Case Party: PORTIA TAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 10/19/2021 12:06:09 PM | SENT |
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 10/19/2021 12:06:09 PM | SENT |

# EXHIBIT C

048-329758-21

FILED
TARRANT COUNTY
2/18/2022 11:38 AM
THOMAS A. WILDER
DISTRICT CLERK

**NO. 048-329758-21**

| | | |
|---|---|---|
| **PORTIA TAYLOR, Individually PLAINTIFF** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | **48th JUDICIAL DISTRICT** |
| | § | |
| **AND** | § | |
| | § | |
| | § | |
| **DG RETAIL LLC** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFF'S AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** PORTIA TAYLOR, hereinafter called Plaintiff, complaining of and about DOLGENCORP OF TEXAS, INC. and DG RETAIL LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

**A. Discovery**

1. A Level 3 discovery control plan pursuant to Tex. R. Civ. P. 190 is appropriate in this case.

**B. Rule 47 Pleadings Requirements**

2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdiction limits of the Court. As required by Rule 47(c) Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but nor more than $1,000,000. The amount of monetary

relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## C.  Parties

3.      Plaintiff, Portia Taylor is a resident of Tarrant County, Texas. The last three digits of Plaintiff's driver's license number is 592, and the last three digits of his Social Security Number are 596.

4.      Defendant DOLGENCORP OF TEXAS, INC., a corporation based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

5.      Defendant DG RETAIL LLC, a foreign corporation based in Tennessee, is organized under the laws of the State of Tennessee, and service of process may be effected upon said Defendant by serving its registered agent Corporation Service Company 2908 Poston Avenue Nashville, TN 37203-1312.

## D. JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This court has personal jurisdiction herein because Plaintiff is a Texas resident.

8.      Venue in Tarrant County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(1) of the Texas Civil Practice and Remedies Code because this county is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## E. FACTS

9. On about October 12, 2019, Ms. Taylor entered Dollar General located at 453 N. Fielder Rd. Arlington, TX 76015 Store No: 04189. As she was excited the store, Edward, the manager ran up to her and accused her of stealing and demanded that she open up her purse or allow him to open it. He left the register, with a line full of people and blocked her from leaving the store.

10. He was very intimidating and threatening. Ms. Taylor began to cry. He threatened to call the police on her. Ms. Taylor was very embarrassed, intimidated, and fearful. The store was very crowded.

11. After he looked in her purse and saw nothing was taken, he failed to apologize to Ms. Taylor for falsely accusing her. He simply walked back to the register and continued to check out the customers.

## F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. Plaintiff brings suit against Defendants in Plaintiff's individual capacity. Defendants' employee conduct was intentional. Defendants' employee conduct was extreme and outrageous. Defendants' employee conduct proximately causes severe emotional distress to Plaintiff. Plaintiff's severe emotional distress cannot be remedied by any other cause of action. Defendants' employee intentionally falsely accusing Plaintiff. This was said to intentionally cause emotional distress to Plaintiff, a Black woman.

## G. NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

13. Plaintiff would show that Defendants failed its clients and customers, including Plaintiff, by failing to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendants' employees.

14. Plaintiff would further show that Defendants failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendants' personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and

customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sue.

## H. BREACH OF CONTRACT

15. Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sue. Plaintiff was a customer and expected to be treated as a customer, but was treated as a criminal.

## I. AGENCY

16. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

17. Said Defendants is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## J. RESPONDEAT SUPERIOR

18. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendants, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

19. Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## K. SPECIAL, ECONOMIC, AND ACTUAL DAMAGES

20. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a) Out-of-pocket expenses.
(b) Mental anguish.
(c) Actual value.
(d) Prejudgment interest.
(e) Postjudgment interest.
(f) Attorney's fees.

## L. EXEMPLARY DAMAGES

21.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seek recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## M. ATTORNEY'S FEES

22.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## N. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, PORTIA TAYLOR respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law,

attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled

at law or in equity, whether pled or unpled.

Respectfully submitted,

Marty J. Taylor
Attorney and Mediator
2626 Cole, Suite 300
Dallas, Texas 75204
Tel: (214) 953-9361
Fax: (800) 900-6802

By:/s Marty J. Taylor
    Marty Taylor
    State Bar No. 24028291
    martytaylorlaw@gmail.com
    Attorney for PORTIA TAYLOR

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marty Taylor on behalf of Marty Taylor
Bar No. 24028291
martytaylorlaw@yahoo.com
Envelope ID: 61888705
Status as of 2/18/2022 11:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/18/2022 11:38:17 AM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 2/18/2022 11:38:17 AM | SENT |

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/18/2022 11:38:17 AM | SENT |

# EXHIBIT D

048-329758-21

FILED
TARRANT COUNTY
2/24/2022 5:14 PM
THOMAS A. WILDER
DISTRICT CLERK

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| District Court<br>48th Judicial District<br>Tarrant County, Texas | |
| Plaintiff<br>PORTIA TAYLOR, INDIVIDUALLY | Cause #<br>**048-329758-21** |
| Defendant(s)<br>DOLGENCORP OF TEXAS, INC., ET AL. | Came to Hand Date/Time<br>**2/24/2022 11:22 AM** |
| Manner of Service<br>Personal | Service Date/Time<br>**2/24/2022 2:47 PM** |
| Documents<br>CITATION; PLAINTIFF'S AMENDED PETITION | Service Fee:<br>**$150.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **2/24/2022** at **2:47 PM**: I served **CITATION and PLAINTIFF'S AMENDED PETITION** upon **DOLGENCORP OF TEXAS, INC. c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, Registered Agent** by delivering **1** true and correct copy(ies) thereof, with **DOLGENCORP OF TEXAS, INC. c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, Registered Agent, I delivered the documents to Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, Registered Agent with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 25-35 years of age, 5'8"-5'10" tall and weighing 240-300 lbs with glasses. Evie Lichtenwalter, Agent** at **211 E. 7th Street Suite 620, Austin, TX 78701-3218.**

My name is: **Andrew Swatzell**. My date of birth is: **11/24/1983**

My address is: **1108 LAVACA ST. STE 110 - 549, AUSTIN, TX 78701**, USA.

My process server identification # is: **18592**. My Certification expires: **9/30/2022**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Travis county, TX.

Andrew Swatzell

02/24/2022
Date Executed

Ref **REF-9645451**

**0083421503**

**txefile@abclegal.com**

abclegal **LAW OFFICE OF MARTY J TAYLOR, PLLC**

Tracking # **0083435542**

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 048-329758-21*

PORTIA TAYLOR
VS.
DOLGENCORP OF TEXAS, INC., ET AL

TO: DOLGENCORP OF TEXAS INC

B/S REG AGT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S AMENDED PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 48th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

PORTIA TAYLOR

Filed in said Court on February 18th, 2022 Against
DOLGENCORP OF TEXAS INC, DG RETAIL LLC

For suit, said suit being numbered 048-329758-21 the nature of which demand is as shown on said PLAINTIFF'S AMENDED PETITION a copy of which accompanies this citation.

MARTY J TAYLOR
Attorney for PORTIA TAYLOR Phone No. (214)953-9361
Address 2626 COLE STE 300 DALLAS, TX 75204

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 22nd day of February, 2022.

A CERTIFIED COPY
ATTEST: 02/22/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

By Natalie Thigpen Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *04832975821000011*

Received this Citation on the ______ day of ______________________, ____ at _____ o'clock ___M; and executed at ______________________________ within the county of ______________, State of ________ at ________ o'clock ___M on the _______ day of _______________, _____ by delivering to the within named (Def.): ______________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S AMENDED PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: ______________________________
County of ______________________ State of________ By ______________________________ Deputy

Fees $________ ______________________________

State of ____________ County of ______________________ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said ______________________ before me this _____ day of ________, ____

to certify which witness my hand and seal of office

(Seal)

______________________________

County of __________________, State of __________________

*CITATION*

Cause No. 048-329758-21

PORTIA TAYLOR

VS.

DOLGENCORP OF TEXAS, INC.,
ET AL

ISSUED

This 22nd day of February, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By NATALIE THIGPEN Deputy

MARTY J TAYLOR
Attorney for: PORTIA TAYLOR
Phone No. (214)953-9361
ADDRESS: 2626 COLE STE 300

DALLAS, TX 75204

*CIVIL LAW*

*04832975821000011*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marty Taylor on behalf of Marty Taylor
Bar No. 24028291
martytaylorlaw@yahoo.com
Envelope ID: 62066129
Status as of 2/25/2022 8:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/24/2022 5:14:05 PM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 2/24/2022 5:14:05 PM | SENT |

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/24/2022 5:14:05 PM | SENT |

# EXHIBIT E

FILED
TARRANT COUNTY
2/24/2022 3:19 PM
THOMAS A. WILDER
DISTRICT CLERK

048-329758-21

# RETURN OF SERVICE

Notice: This document contains sensitive data

Court Stamp Here

| Field | Value | Field | Value |
|---|---|---|---|
| Court | District Court<br>48th Judicial District<br>Tarrant County, Texas | | |
| Plaintiff | PORTIA TAYLOR, INDIVIDUALLY | Cause # | **048-329758-21** |
| Defendant(s) | DOLGENCORP OF TEXAS, INC., ET AL. | Came to Hand Date/Time | **2/24/2022 10:39 AM** |
| Manner of Service | Personal | Service Date/Time | **2/24/2022 1:58 PM** |
| Documents | CITATION; PLAINTIFF'S AMENDED PETITION | Service Fee: | **$150.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **2/24/2022** at **1:58 PM**: I served **CITATION and PLAINTIFF'S AMENDED PETITION** upon **DG RETAIL LLC c/o Corporation Service Company, Registered Agent** by delivering **1** true and correct copy(ies) thereof, with **DG RETAIL LLC c/o Corporation Service Company, Registered Agent, I delivered the documents to Corporation Service Company, Registered Agent with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 55-65 years of age, 5'-5'4" tall and weighing 80-120 lbs** at **2908 Poston Avenue, Nashville, TN 37203.**

My name is: **Glen Mayden**. My date of birth is: **8/19/1980**

My address is: **200 South Hampton Place Apt 2202, Clarksville, TN 37040**, USA.

null

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Davidson county, TX.

Glen Mayden (signature)

Glen Mayden

02/24/2022

Date Executed

Ref **REF-9645451**

**0083421504**

**txefile@abclegal.com**

abclegal **LAW OFFICE OF MARTY J TAYLOR, PLLC**

Tracking # **0083432936** 

# THE STATE OF TEXAS
# DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 048-329758-21*

PORTIA TAYLOR
VS.
DOLGENCORP OF TEXAS, INC., ET AL

TO: DG RETAIL LLC

B/S REG AGT-CORPORATION SERVICE COMPANY 2908 POSTON AVE NASHVILLE, TN 37203-1312

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S AMENDED PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 48th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

PORTIA TAYLOR

Filed in said Court on February 18th, 2022 Against
DOLGENCORP OF TEXAS INC, DG RETAIL LLC

For suit, said suit being numbered 048-329758-21 the nature of which demand is as shown on said PLAINTIFF'S AMENDED PETITION a copy of which accompanies this citation.

MARTY J TAYLOR
Attorney for PORTIA TAYLOR Phone No. (214)953-9361
Address 2626 COLE STE 300 DALLAS, TX 75204

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 22nd day of February, 2022.

By NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 02/22/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *04832975821000012*

Received this Citation on the ______ day of ____________________, ____ at ______ o'clock ___M; and executed at ____________________ within the county of ______________, State of ________ at ________ o'clock ___M on the _______ day of _______________, _____ by delivering to the within named (Def.): ____________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S AMENDED PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: ______________________________

County of ____________________ State of________ By ____________________ Deputy

Fees $________

State of ____________ County of ____________________ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said ____________________ before me this _____ day of _________, ____

to certify which witness my hand and seal of office

(Seal)

County of ______________, State of ______________

*CITATION*

Cause No. 048-329758-21

PORTIA TAYLOR

VS.

DOLGENCORP OF TEXAS, INC.,
ET AL

ISSUED

This 22nd day of February, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By NATALIE THIGPEN Deputy

MARTY J TAYLOR
Attorney for: PORTIA TAYLOR
Phone No. (214)953-9361
ADDRESS: 2626 COLE STE 300

DALLAS, TX 75204

*CIVIL LAW*

*04832975821000012*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marty Taylor on behalf of Marty Taylor
Bar No. 24028291
martytaylorlaw@yahoo.com
Envelope ID: 62058250
Status as of 2/24/2022 3:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/24/2022 3:19:38 PM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 2/24/2022 3:19:38 PM | SENT |

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 2/24/2022 3:19:38 PM | SENT |

# EXHIBIT F

FILED
TARRANT COUNTY
3/18/2022 1:55 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-329758-21

| | | |
|---|---|---|
| PORTIA TAYLOR, Individually | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. and DG RETAIL LLC | § | |
| | § | |
| Defendants | § | 48TH JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER**

TO SAID HONORABLE COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp") and DG Retail LLC ("DG"), the Defendants herein, files this, their Original Answer to Plaintiff's Amended Petition, respectfully showing unto the Court as follows:

**GENERAL DENIAL**

**I.**

Subject to such stipulations and admissions as may be hereafter made, Defendants hereby enter a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

**VERIFIED DENIAL**

**II.**

Defendants aver that Defendant DG is not liable in the capacity in which it has been sued, and thus there is a defect of parties Defendant. Defendant DG is neither the owner nor operator of the subject Dollar General store. Instead, the sole owner and operator of the subject Dollar General store is Dolgencorp of Texas, Inc.

**SPECIAL EXCEPTIONS**

**III.**

Defendants specially except and object to Plaintiff's Amended Petition as follows:

A.      Defendants specially except and object to paragraph H (paragraph 15) of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim for breach of contract. Not only has Plaintiff failed to allege all of the elements of a claim for breach of contract, but the facts alleged affirmatively demonstrate the absence of a contract.   The fact that Plaintiff was a customer in Defendant Dolgencorp's store does not create a contract between Plaintiff and Defendant. Accordingly, all such allegations should be stricken from Plaintiff's Amended Petition. Of this special exception, Defendants pray judgment of the Court.

B.      Defendants specially except and object to paragraphs 20 (f) and 21 of Plaintiffs Amended Petition, wherein Plaintiff purports to a allege a claim for attorney's fees.   Plaintiff has alleged no valid claim for attorney's fees, which are in any event not recoverable under Texas law in this tort case.   Accordingly, all such allegations should be stricken from Plaintiff's Amended Petition. Of this special exception, Defendants pray judgment of the Court.

C.      Defendant specially excepts and objects to numbered paragraph 21 of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim for exemplary damages.   Plaintiff has failed to allege a valid factual or legal basis for a claim of exemplary damages against Defendants, and thus the said allegations fail to give fair notice to Defendants of what the Plaintiff expects to prove thereunder. Accordingly, the Plaintiff's claim for exemplary damages should be stricken in its entirety. Alternatively, Plaintiff should be ordered to replead such allegations to provide a reasonable description of the factual and legal basis of such claim. Of this special exception, Defendants pray judgment of the Court.

D.      Defendants specially except and object to numbered paragraphs 13 and 14 of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim or cause of action for negligent hiring, supervision or management.   Such allegations are overly broad, vague and global, and as such fail to give fair notice to Defendants of what the Plaintiff expects to prove

thereunder. Accordingly, the Plaintiff's said claims should be stricken in their entirety. Alternatively, Plaintiff should be ordered to replead such allegations to provide a reasonable description of the factual and legal basis of such claims. Of this special exception, Defendants pray judgment of the Court.

## AFFIRMATIVE DEFENSES

### IV.

Pleading further, Defendants would show that Plaintiff was guilty of certain acts or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not limited to failing to keep a proper lookout for her own safety.

### V.

Pleading further, and in the alternative, Defendants would show that the occurrence made the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused by the negligence of any party to it.

### VI.

Pleading further in the alternative, Defendants would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendants and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

### VII.

Pleading further, Defendants would show that, pursuant to Texas Civil Practice and Remedies Code § 41.0105, any claim for medical or healthcare expenses, if any, allegedly incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**VIII.**

Pleading further, Defendants deny that there is any factual or legal basis for the Plaintiff's claim for attorney's fees from Defendants. Plaintiff has failed to allege any valid claim or cause of action for which attorney's fees might be recoverable in this case.

**IX.**

Pleading further, Defendants deny that there is any factual or legal basis for the Plaintiff's claim for exemplary damages and/or that exemplary damages can be recovered against Defendants for the acts or omissions of "Edward," the alleged store manager, which acts or omissions occurred outside the course and scope of his employment, if any, with Dolgencorp.

**X.**

Pleading further, and in the alternative, Defendants plead the safeguards incorporated in Chapter 41 of the Texas Civil Practice & Remedies Code with respect to any claim for exemplary damages, including the limitations on the amount of recovery, the requirement of a unanimous jury, the heightened standard for the burden of proof by clear and convincing evidence, and the right to a bifurcated trial.

**PRAYER**

For the above reasons, Defendants Dolgencorp of Texas, Inc. and DG Retail LLC pray that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendants, and that Defendants recover their costs in this behalf expended; further, that Defendants be granted all such other and further relief to which they may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP.

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on the 18th day of March, 2022.

MICHAEL A. HUMMERT

STATE OF TEXAS §

COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Michael A. Hummert, known to me, who being by me duly sworn upon oath deposed and stated that he is over eighteen (18) years of age, is of sound mind, is fully competent to make this affidavit, that he is attorney of record for Dollar General Corp. and that the statements contained in Paragraph II of the foregoing instrument are, on information and belief, true and correct.

Michael A. Hummert

SUBSCRIBED AND SWORN TO before me this 18th day of March, 2022.

NOTARY PUBLIC, STATE OF TEXAS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 62746208
Status as of 3/18/2022 2:01 PM CST

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |
| Alicia Orozco | | legalassistant@callmartyjo.com | 3/18/2022 1:55:00 PM | SENT |
| Deanna Ortega | | dortega@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

Associated Case Party: THEDOLGENCORP OF TEXAS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

Associated Case Party: THEDG RETAIL LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

# EXHIBIT G

048-329758-21

FILED
TARRANT COUNTY
3/18/2022 1:55 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-329758-21

| | | |
|---|---|---|
| PORTIA TAYLOR, Individually | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. and DG RETAIL LLC | § | |
| | § | |
| | § | |
| Defendants | § | 48TH JUDICIAL DISTRICT |

**DEFENDANTS' JURY DEMAND**

TO THE HONORABLE COURT:

Defendants demand a trial by jury.

Respectfully submitted,

EKVALL & BYRNE, L.L.P.

Michael A. Hummert
State Bar No: 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No: 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: 972/239-0839
Facsimile: 972/960-9517

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was e-served on counsel of record herein on the 18th day of March, 2022.

MICHAEL A. HUMMERT

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 62746208
Status as of 3/18/2022 2:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |
| Alicia Orozco | | legalassistant@callmartyjo.com | 3/18/2022 1:55:00 PM | SENT |
| Deanna Ortega | | dortega@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/18/2022 1:55:00 PM | SENT |

Associated Case Party: THEDOLGENCORP OF TEXAS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

Associated Case Party: THEDG RETAIL LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/18/2022 1:55:00 PM | SENT |

# EXHIBIT H

048-329758-21

FILED
TARRANT COUNTY
3/25/2022 10:41 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-329758-21

| | | |
|---|---|---|
| PORTIA TAYLOR, Individually | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. and DG RETAIL LLC | § | |
| | § | |
| | § | |
| Defendants | § | 48TH JUDICIAL DISTRICT |

**DEFENDANTS' FIRST AMENDED ANSWER**

TO SAID HONORABLE COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp") and DG Retail LLC ("DG"), the Defendants herein, files this, their First Amended Answer to Plaintiff's Amended Petition, respectfully showing unto the Court as follows:

**GENERAL DENIAL**

**I.**

Subject to such stipulations and admissions as may be hereafter made, Defendants hereby enter a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

**VERIFIED DENIAL**

**II.**

Defendants aver that Defendant DG is not liable in the capacity in which it has been sued, and thus there is a defect of parties Defendant. Defendant DG is neither the owner nor operator of the subject Dollar General store, nor is it in any way involved in the operation of the subject Dollar General store. Instead, the sole owner and operator of the subject Dollar General store in Arlington, Texas is Dolgencorp of Texas, Inc.

**SPECIAL EXCEPTIONS**

**III.**

Defendants specially except and object to Plaintiff's Amended Petition as follows:

A. Defendants specially except and object to paragraph H (paragraph 15) of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim for breach of contract. Not only has Plaintiff failed to allege all of the elements of a claim for breach of contract, but the facts alleged affirmatively demonstrate the absence of a contract. The fact that Plaintiff was a customer in Defendant Dolgencorp's store does not create a contract between Plaintiff and Defendant. Accordingly, all such allegations should be stricken from Plaintiff's Amended Petition. Of this special exception, Defendants pray judgment of the Court.

B. Defendants specially except and object to paragraphs 20 (f) and 21 of Plaintiffs Amended Petition, wherein Plaintiff purports to a allege a claim for attorney's fees. Plaintiff has alleged no valid claim for attorney's fees, which are in any event not recoverable under Texas law. in this tort case. Accordingly, all such allegations should be stricken from Plaintiff's Amended Petition. Of this special exception, Defendants pray judgment of the Court.

C. Defendant specially excepts and objects to numbered paragraph 21 of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim for exemplary damages. Plaintiff has failed to allege a valid factual or legal basis for a claim of exemplary damages against Defendants, and thus the said allegations fail to give fair notice to Defendants of what the Plaintiff expects to prove thereunder. Accordingly, the Plaintiff's claim for exemplary damages should be stricken in its entirety. Alternatively, Plaintiff should be ordered to replead such allegations to provide a reasonable description of the factual and legal basis of such claim. Of this special exception, Defendants pray judgment of the Court.

D. Defendants specially except and object to numbered paragraphs 13 and 14 of Plaintiff's Amended Petition, wherein Plaintiff purports to allege a claim or cause of action for negligent hiring, supervision or management. Such allegations are overly broad, vague and global, and as such fail to give fair notice to Defendants of what the Plaintiff expects to prove thereunder. Accordingly, the Plaintiff's said claims should be stricken in their entirety. Alternatively, Plaintiff should be ordered to replead such allegations to provide a reasonable description of the factual and legal basis of such claims. Of this special exception, Defendants pray judgment of the Court.

## AFFIRMATIVE DEFENSES

### IV.

Pleading further, Defendants plead in bar to Plaintiff's claim the Texas two-year statute of limitations.

### V.

Pleading further, Defendants would show that Plaintiff was guilty of certain acts or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not limited to failing to keep a proper lookout for her own safety.

### VI.

Pleading further in the alternative, Defendants would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendants and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

**VII.**

Pleading further, Defendants deny that the acts complained of by Plaintiff rise to the level of being so extreme and outrageous as to permit recovery under a theory of intentional infliction of emotional distress.

**VIII.**

Pleading further, Defendants would show that, pursuant to Texas Civil Practice and Remedies Code § 41.0105, any claim for medical or healthcare expenses, if any, allegedly incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**IX.**

Pleading further, Defendants deny that there is any factual or legal basis for the Plaintiff's claim for attorney's fees from Defendants. Plaintiff has failed to allege any valid claim or cause of action for which attorney's fees might be recoverable in this case.

**X.**

Pleading further, Defendants deny that there is any factual or legal basis for the Plaintiff's claim for exemplary damages and/or that exemplary damages can be recovered against Defendants for the acts or omissions of "Edward," the alleged store manager, which acts or omissions occurred outside the course and scope of his employment, if any, with Dolgencorp.

**XI.**

Pleading further, and in the alternative, Defendants plead the safeguards incorporated in Chapter 41 of the Texas Civil Practice & Remedies Code with respect to any claim for exemplary damages, including the limitations on the amount of recovery, the requirement of a unanimous jury, the heightened standard for the burden of proof by clear and convincing evidence, and the right to a bifurcated trial.

## PRAYER

For the above reasons, Defendants Dolgencorp of Texas, Inc. and DG Retail LLC pray that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendants, and that Defendants recover their costs in this behalf expended; further, that Defendants be granted all such other and further relief to which they may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP.

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on the 25th day of March, 2022.

MICHAEL A. HUMMERT

STATE OF TEXAS §

COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Michael A. Hummert, known to me, who being by me duly sworn upon oath deposed and stated that he is over eighteen (18) years of age, is of sound mind, is fully competent to make this affidavit, that he is attorney of record for Defendants and that the statements contained in Paragraph II of the foregoing instrument are, on information and belief, true and correct.

Michael A. Hummert

SUBSCRIBED AND SWORN TO before me this 25th day of March, 2022.

NOTARY PUBLIC, STATE OF TEXAS

DONNA WOJCIK
Notary Public, State of Texas
Comm. Expires 02-07-2023
Notary ID 889970

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 62956185
Status as of 3/25/2022 10:43 AM CST

Associated Case Party: PORTIATAYLOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/25/2022 10:41:43 AM | SENT |

Associated Case Party: THEDOLGENCORP OF TEXAS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MARTY TAYLOR | | MARTYTAYLORLAW@GMAIL.COM | 3/25/2022 10:41:43 AM | SENT |
| MARTY'S ASSISTANT | | LAWYERMARTYTAYLOR@GMAIL.COM | 3/25/2022 10:41:43 AM | SENT |
| Alicia Orozco | | legalassistant@callmartyjo.com | 3/25/2022 10:41:43 AM | SENT |
| Deanna Ortega | | dortega@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |

Associated Case Party: THEDG RETAIL LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 3/25/2022 10:41:43 AM | SENT |